UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Cartrella Washington,<br><br>  Plaintiff,<br><br>  v.<br><br>Community Thrift Store, Inc.,<br><br>  Defendant. | CASE NO.: _____<br><br><br>COMPLAINT<br>(Jury Trial Requested) |

The Plaintiff complaining of the Defendant would show unto this Honorable Court as follows:

## JURISDICTION AND PARTIES

1. This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.* and for racial discrimination under 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964.

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

   a. A charge of employment discrimination on basis of racial discrimination and gender/sex discrimination was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

   b. Notification of the Right to Sue was received from EEOC on or about September 26, 2023.

   c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. Plaintiff, Cartrella Washington, is a citizen and resident of the State of South Carolina, and resides in Berkeley County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the County of Dorchester, State of South Carolina.

5. The Defendant, Community Thrift Store, Inc., upon information and belief, is a domestic corporation organized and operating in the State of South Carolina located in this judicial district. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

6. Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

7. Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. On or about October 21, 2022, Plaintiff, an African American, began working for Defendant as a sorter. At all times, Plaintiff was effective and efficient in her employment.

11. On or about January 16, 2023, Plaintiff arrived back at work after lunch break and was standing outside the restroom waiting her turn. Plaintiff's co-worker, Jeffrey, a Caucasian male, was also waiting in line for the restroom.

12. When Plaintiff returned to her desk after using the restroom, Plaintiff's manager, John, called her to his office, and wrote Plaintiff up for being in the restroom for eight (8) minutes. The Plaintiff refused to sign the write up, because if John looked at the camera, he would see she was standing in line for the restroom, and also, Plaintiff was getting written up when the Caucasian male did not. John sent Plaintiff home for refusing to sign the right up.

13. Plaintiff then called Kevin, General Manager, to report what had just happened. Kevin told Plaintiff that it is company policy that she has to use the restroom on her break.

14. On or about January 17, 2023, Plaintiff got to work and called Kevin. Kevin informed Plaintiff that she was terminated but did not state a reason why. Plaintiff became aware that Jeffrey was neither written up nor terminated for being in the restroom outside of his break.

15. It was the duty of Defendant, by and through its agents, servants and/or employees, to prevent such acts and behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

16. Despite her reporting the behavior, Defendant did not take appropriate action to resolve the problems and disciplined the Plaintiff.

17. That the unjust disciplinary actions and termination of Plaintiff with Defendant was the response by Defendant, its agents and servants, to Plaintiff's complaint of wrongdoings.

18. That the aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

19. As a direct and proximate result of the acts and practices of Defendant in retaliating against Plaintiff, and in the wrongful termination of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

## FOR A FIRST CAUSE OF ACTION
### Gender Discrimination - Title VII of Civil Rights Act of 1964

20. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

21. Plaintiff is a member of a protected group on the basis of her sex and gender. Plaintiff was discriminated against due to her sex and gender (female) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

22. Plaintiff had a satisfactory job performance while she worked for the Defendant.

23. Plaintiff asserts that the preferential treatment was a mere pretext for the discrimination against Plaintiff based on her gender and sex (female).

24. Defendant was wanton, reckless, wanton and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In failing to continue to employ Plaintiff due to her gender and sex (female);

   b. In discharging Plaintiff due to her gender and sex (female); and

   c. In discharging Plaintiff for filing reports of gender discrimination and inappropriate behaviors.

25. That in failing to protect Plaintiff from sex and/or gender discrimination, or preferential treatment, Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and Equal Employment Opportunity Act.

26. Defendant violated the Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), by allowing the sex and/or gender discrimination and preferential treatment to exist in the workplace.

27. As a direct and proximate result of Defendant's discrimination on the basis of sex and/or gender, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

28. Defendant's employment discrimination of Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

29. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of the employment discrimination as alleged above.

30. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A SECOND CAUSE OF ACTION
### Racial Discrimination – Title VII of Civil Rights Act of 1964

31. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

32. Plaintiff is a member of a protected group on the basis of her race. Plaintiff was retaliated against and terminated based on her race, color or national origin in violation of 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act.

33. Defendant was wanton, reckless, willful and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a.   In failing to continue to employ Plaintiff due to her race, color or national origin;

   b.   In showing preferential treatment to black employees and detrimental treatment to Plaintiff; and

   c.   In discharging Plaintiff due to her race, color or national origin and in retaliation for filing reports of discrimination and inappropriate behaviors.

34. That in failing to protect Plaintiff from racial discrimination, detrimental treatment and retaliation, Defendant acted with malice or reckless indifference to the federally protected rights set out under 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act.

35. Defendant violated 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act by allowing the racial discrimination, detrimental treatment and retaliation to exist in the workplace.

36. As a direct and proximate result of Defendant's discrimination and retaliation on the basis of race, color or national origin, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

37. Defendant's employment discrimination and retaliation of Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

38. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of the employment discrimination as alleged above.

39. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A THIRD CAUSE OF ACTION
### Retaliation – Title VII of Civil Rights Act of 1964

40. The Plaintiff repeats and reiterates the foregoing allegations as if repeated verbatim herein.

41. As alleged above, Plaintiff satisfactorily performed her essential and fundamental job functions and was an exemplary employee in all respects. Upon reporting the detrimental treatment and discrimination based on her race, color or national origin, and her gender, Plaintiff was terminated from her position in retaliation for asserting her rights under 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act.

42. That the aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act.

43. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of Defendant's retaliation as alleged above.

44. That the aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliation and was, in fact, retaliatory in nature.

45. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## REQUEST FOR RELIEF

46. The Plaintiff repeats and reiterates the foregoing allegations as if repeated verbatim herein.

47. Due to the acts of the Defendant, Plaintiff suffered mental distress, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

48. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendant with back pay and associated benefits she would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against Defendant for embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against Defendant, in such an amount of actual damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

s/*Michael A. Brooks*
Michael A. Brooks (Fed. I.D. #14005)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
December 21, 2023